UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM NELSON,<br><br>        Plaintiff,<br><br>   v.<br><br>MARY MADDEN; KAYLA AYERS; CLINT P JOHNSON; JUDGE SUSAN ADAMS; PIERCE COUNTY; PIERCE COUNTY SUPERIOR COURT,<br><br>        Defendants. | Case No. 3:25-cv-05490-TMC<br><br>ORDER VACATING TEMPORARY RESTRAINING ORDER |

On June 3, 2025, Plaintiff William Nelson moved for a Temporary Restraining Order (TRO) against Defendants, Pierce County Superior Court and several of its officials and employees. Dkt. 2. The TRO requested that the Court stay a hearing scheduled for June 4, 2025 in Pierce County Superior Court. *Id.* Mr. Nelson claimed that he was a defendant in the state court case. *Id.* Mr. Nelson alleged that the Defendants denied him reasonable accommodations under the Americans with Disabilities Act ("ADA") and that requiring him to go forward with the hearing will violate his rights under the ADA and the Due Process Clause of the United States Constitution and cause him irreparable harm. *Id.*

The Court, relying on Mr. Nelson's statements, found that he had shown serious questions going to the merits of his claims, a potential for irreparable harm, and that the balance

ORDER VACATING TEMPORARY RESTRAINING ORDER - 1

of hardships tips in his favor. Dkt. 8 at 2. Accordingly, the Court granted temporary injunctive relief to preserve the status quo, enjoining Defendants from proceeding with the scheduled state-court hearing until both parties can be fully heard on the merits of this motion. *Id.*

On June 4, 2025, Defendants appeared and moved to vacate the TRO. Dkt. 10. Defendants explained that the underlying state court matter is a civil petition for a Vulnerable Adult Protection Order (VAPO) to which Mr. Nelson is not a party. *Id.* at 3. Defendants also noted that, contrary to Mr. Nelson's claims, they are engaging in the accommodation process and have allowed him to appear for hearings by Zoom—even though he is not a party. *Id.* at 6.

The Court's initial determination that Mr. Nelson faced irreparable harm and had shown serious questions on the merits rested on his attestation that he was a defendant in the state court action. Dkt. 8 at 4–7. In light of the new information Defendants have provided, the Court VACATES the TRO. *See Sovereign v. Deutsche Bank*, 856 F. Supp. 2d 1203, 1218 (D. Or. 2012) (vacating TRO where the basis for the court's conclusion that plaintiffs had shown a likelihood of success on the merits changed). Because Mr. Nelson is not a party to the action, *see generally* Dkt. 12-3, Dkt. 12-4, and because the Defendants have nonetheless engaged in the accommodations process, *see generally* Dkt. 12-2, Dkt. 13-5, the Court finds that Mr. Nelson does not face irreparable harm if the hearing is allowed to proceed. And the Court finds that Mr. Nelson has not raised serious questions on the merits.

Thus, the Court GRANTS Defendants' motion to vacate the TRO. Dkt. 10. The Court VACATES the TRO entered on June 3, 2025. Dkt. 8. The Vulnerable Adult Protection Order matter pending in Pierce County Superior Court Cause No. 25-2-01460-1 may proceed on the merits per the trial court's discretion.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

ORDER VACATING TEMPORARY RESTRAINING ORDER - 2

Dated this 4th day of June, 2025.

*[signature]*

Tiffany M. Cartwright
United States District Judge

ORDER VACATING TEMPORARY RESTRAINING ORDER - 3